FILED
2/13/26 8:28 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 25-20897-GLT |
| **MARY E. MOROSETTI**, | Chapter 7 |
| *Debtor*. | |
| **MARY E. MOROSETTI**, | |
| *Movant*, | Related to Dkt. Nos. 70, 72, 74, 76, 87 |
| v. | |
| **NATIONAL FUNDING, INC.** and, **PAMELA J. WILSON**, **CHAPTER 7 TRUSTEE**, | |
| *Respondents*. | |

Carol L. Hanna, Esq.
Pittsburgh, PA
*Attorney for Mary E. Morosetti*

John W. Burns
Kathleen M. Patrick
Gordon Rees Scully Mansukhani, LLP
Dallas, TX
*Attorney for National Funding, Inc*.

Pamela J. Wilson, Esq.
Pittsburgh, PA
*Chapter 7 Trustee*

## MEMORANDUM OPINION

Few areas of the law are black and white. Lien avoidance under section 522(f) of the Bankruptcy Code[1] is one of them. The burden of proof rests with the debtor to apply a simple mathematical formula prescribed by statute. When the calculation is properly performed, the

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, *et seq*. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

1

outcome is clear, so motions are often uncontested and granted without issue. And just like grade-school math class, it is imperative that the moving party show their work.

Now on her fourth try, the Debtor, Mary E. Morosetti, continues to stumble on the merits. Indeed, National Funding, Inc. argues that the Debtor miscalculated the impairment to her homestead exemption such that its senior-most lien on her residence is not fully avoidable. The Court concurs, though it is difficult to discern where the Debtor went wrong since she did not "show her work" in performing the section 522(f) calculation. For the reasons below, the Court finds that National Funding's lien is avoidable only to the extent of $84,655.68 and will grant the motion in part.

I.   BACKGROUND

The Debtor filed a voluntary chapter 7 petition on April 9, 2025. She owns residential real property having a fair market value of $233,103 and claimed an exemption of $31,575.[2] The property is encumbered by a mortgage lien in the amount of $163,890.87, together with the following judicial liens:[3]

| Creditor Name | Amount | Date |
|---|---|---|
| National Funding, Inc. | $122,292.81 | 10/23/2023 |
| Portfolio Recovery Associates, LLC | $4,932.07 | 4/19/2024 |
| Enterprise Bank | $724,211.26 | 4/30/2024 |
| Discover Bank | $17,556.19 | 9/11/2024 |

---

[2] See *Schedule A/B: Property*, Dkt. No. 1; *Schedule C: The Property You Claim as Exempt*, Dkt. No. 1.

[3] See *Schedule D: Creditors Who Have Claims Secured by Property*, Dkt. No. 1; *Schedule E/F: Creditors Who Have Unsecured Claims*, Dkt. No. 1.

The Debtor filed nearly-identical motions to avoid each of the judicial liens.[4] The motions assert that the respective judicial lien impairs the Debtor's claimed exemption in her residence and requests that the Court avoid each lien in its entirety.[5] The Debtor concludes that because the "impairments meet or exceed the property's value," the judicial liens should be fully avoided under section 522(f).[6] Still, none of the motions include or perform the mathematical calculation required by section 522(f)(A) to determine the extent of impairment. In addition, each motion seemingly and improperly includes the Debtor's automobile loan in the impairment analysis (an obligation secured solely by personal property) as well as a reference to a $7,734 personal property exemption.[7] It is unclear how the Debtor calculated the alleged impairment, or, frankly, how the Debtor thinks the formula is applied.

National Funding objected to the complete avoidance of its lien, contending that the Debtor's calculations improperly include the automobile loan as if it were a lien secured by the real property.[8] The creditor concedes that its lien is at least partially avoidable.

When questioned about her impairment analysis, the Debtor could not explain or defend the math used in the motions.[9] Instead, the Debtor stated that she would need to double-check her calculations and was unaware that her analysis included an automobile loan or relied on

---

[4] As noted before, this is the Debtor's fourth attempt to bring these motions. Previous versions were stricken for filing defects in violation of the local rules as well as improper service on institutional creditors. See *Text Order*, Dkt. No. 41; see also Dkt. Nos. 50-55, 69.

[5] See Dkt. Nos. 70, 72, 74, 76.

[6] Id.

[7] Id.

[8] See *National Funding, Inc's Objection to Debtor's Motion to Avoid Lien Pursuant to 11 U.S.C. § 522((F)(2)* [sic], Dkt. No. 87.

[9] Audio Recording of September 25, 2025 Hearing at 10:43:06-10:58:44 a.m.

exemptions of personal property.[10] The Debtor did not submit a revised impairment calculation following National Funding's objection, leaving the Court to reconcile the asserted exemption with the statutory formula. The Court ultimately granted the motions to avoid the judicial liens of Enterprise Bank, Portfolio Recovery Associates, and Discover Bank.[11] But given the Debtor's confusion about her calculations, the Court took the National Funding motion under advisement to explain the analysis in a way that might prove useful to other practitioners in this district.

For these motions to prevail, a debtor must explicitly disclose the calculation supporting the requested relief and thereby carry her burden of proof. Here, because the Debtor has not shown her work and has incorporated impermissible components into the calculation, the Debtor has not met her burden of proof nor expectation of the Court.

## II. JURISDICTION

This Court has authority to exercise jurisdiction over the subject matter and the parties under 28 U.S.C. §§ 157(a), 1334, and the Order of Reference entered by the United States District Court for the Western District of Pennsylvania on October 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(k).

## III. DISCUSSION

Section 522(f) allows a debtor to avoid certain liens that impair exemptions to which the debtor would otherwise be entitled.[12] The statute facilitates a debtor's fresh start and eliminates an encumbrance that would infringe on a debtor's ability to enjoy her exempt property.

---

[10] Id.

[11] See Dkt. Nos. 94-96.

[12] 11 U.S.C. § 522(f)(1)(A). Although this Opinion is focused on the avoidance of a judicial lien, it is important to note that section 522(f) also permits avoidance of certain nonpossessory, nonpurchase-money security interests in specified categories of personal property, including household goods, tools of the trade, and professionally prescribed health aids for the debtor or a dependent of the debtor. See 11 U.S.C. 522(f)(1)(A)-(B).

4

Its purpose is not to enlarge exemptions or reach beyond the property actually encumbered.[13] To prove that a judicial lien impairs an exemption, section 522(f)(2)(A) requires a two-step process. The movant must first add together (i) the amount of the lien, (ii) the amounts of all other liens on the property, and (iii) the amount of the exemption the debtor could claim if there were no liens on the property. Next, the movant must show the value of the debtor's interest in the property absent any encumbrances. An impairment exists when the sum from step one exceeds the figure from step two.[14]

Avoidance under section 522(f) is not an "all-or-nothing" exercise.[15] Only the portion of a judicial lien that interferes with the debtor's exemption is avoidable. Any portion that does not impair the exemption survives unaffected.[16] Conversely, where the value of the property exceeds the combined amount of all liens and the claimed exemption, the judicial lien does not impair the exemption and remains fully intact.[17]

When a property is subject to multiple liens, each lien is separately analyzed, starting with the most junior lien.[18] If a junior lien is deemed avoidable, the analysis progresses to the next lien in sequence to the extent that any equity remains.[19] The section 522(f) formula is then applied once again, only this time, the numbers are recalculated without including the value

---

[13]   See In re Losieniecki, 17 B.R. 136, 140 (Bankr. W.D. Pa. 1981).

[14]   11 U.S.C. § 522(f)(1).

[15]   See Lindsey v. Spagnol (In re Lindsey), 313 B.R. 390, 394 (Bankr. W.D. Pa. 2004) (quoting Garran v. SMS Fin. V, LLC (In re Garran), 338 F.3d 1, 5 (1st Cir. 2003).

[16]   See id. at 394; see also East Cambridge Savings Bank v. Silveira (In re Silveira), 141 F.3d 34, 36-38 (1st Cir. 1998); Tedeschi v. Falvo (In re Falvo), 227 B.R. 662, 666 (6th Cir. B.A.P. 1998).

[17]   See supra note 16.

[18]   See In re Losieniecki, 17 B.R. 136, 139 (Bankr. W.D. Pa. 1981).

[19]   Id.

Document      Page 6 of 8

of the avoided lien.[20] The analysis continues for each successive lien until the debtor's exemption is fully protected. The sequencing ensures that avoided liens are properly preserved under section 551 and that senior liens are not extinguished beyond the impairment amount.[21]

   Procedurally, a motion to avoid a judicial lien is brought under Bankruptcy Rule 4003(d) and is treated as a contested matter governed by Bankruptcy Rule 9014.[22] Aside from complying with applicable service requirements under Bankruptcy Rule 7004,[23] these motions must contain four essential elements: (a) identification of the subject property; (b) a statement of the value of the debtor's interest in the property; (c) the amount of any exemption the debtor may claim; and (d) the amount and priority of each lien asserted against the property. Each element must be stated with sufficient detail to permit the section 522(f) calculation.

   The Debtor bears the burden of establishing that a judicial lien impairs an exemption under section 522(f)(2)(A).[24] This requires competent evidence of each required element together with an accurate calculation of impairment. Allegations unaccompanied by supporting data do not satisfy the debtor's burden, and the Court will not infer an impairment absent a showing that conforms to the statutory formula.[25]

---

[20] 11 U.S.C. § 522(f)(2)(B).

[21] 11 U.S.C. § 551.

[22] See Fed. R. Bankr. P. 4003(d); see also Fed. R. Bankr. P. 9014.

[23] As this case demonstrates, movants often fail to properly serve lien avoidance motions. Unless an exception applies, Bankruptcy Rule 7004(b)(3) requires that service upon a corporation be directed to the attention of an officer, managing or general agent, or any other agent authorized by appointment or applicable law. Similarly, service on insured depository institutions must occur via certified mail addressed to an officer of the institution unless otherwise authorized by Bankruptcy Rule 7004(h).

[24] 11 U.S.C. § 522(f)(2)(A).

[25] See Lindsey, 313 B.R. at 393.

Here, it is undisputed that each of the four liens constitutes a judicial lien that is eligible for avoidance under section 522(f).[26] The Court previously granted the avoidance of the three junior judicial liens, finding that each impaired the Debtor's exemption. The focus now shifts to the last remaining judicial lien held by National Funding. Applying the section 522(f)(2)(A) formula to these facts yields the following calculation:

| | | |
|---|---|---|
| Judicial Lien | National Funding, Inc. | $122,292.81 |
| Other Encumbrances | First National Mortgage | $163,890.87 |
| Claimed Exemptions | Homestead Exemption | $31,575.00 |
| **§522(f)(2)(A) Sum** | | **$317,758.68** |

When the value of the Debtor's interest in the property is subtracted from the aggregate total of $317,758.68, the Debtor's exemption is impaired:

| | |
|---|---|
| §522(f)(2)(A) Sum | $317,758.68 |
| Fair Market Value of Property | ($233,103.00) |
| **Impairment** | **$84,655.68** |

Because section 522(f) only permits avoidance *to the extent* of the impairment, the balance of the lien remains unaffected and continues to attach to the property. In this case, the amount of National Funding's lien exceeds the impairment by $37,637.13:

| | |
|---|---|
| National Funding Judicial Lien | $122,292.81 |
| Impairment | ($84,655.68) |
| **Unavoidable Portion of the Lien** | **$37,637.13** [27] |

---

[26] 11 U.S.C. § 101(36); 11 U.S.C. § 522(f)(2)(A).

[27] The Court notes that at no point during the section 522(f)(2) calculation does it include the automobile loan of $33,687.87 or the $7,734 in personal property exemptions that were included in the Debtor's motions. Absent any supporting work or intermediate steps, the Court is left to reconstruct the Debtor's calculation on its own, as the submission provides no indication of how the result was obtained. After performing the math, it is clear that those two numbers have no place in the section 522(f) analysis. See Dkt. Nos. 70, 72, 74, 76.

7

The calculations demonstrate that the Debtor is entitled to partial relief. Since National Funding's lien impairs her exemption by $84,655.68, this portion of the judicial lien will be avoided. The remaining balance of $37,637.13 cannot be avoided under section 522(f) and shall endure.

This saga illustrates two practice points that should be self-apparent. First, counsel must review the Code and the applicable rules before filing a motion. Missteps caused by a lack of diligence on the front end invariably result in considerable uncompensated time to correct on the back end. Second, to show that a lien is avoidable under section 522(f), debtors must plead each of the required elements, apply the statutory formula, and show the math supporting the existence of an impairment. This is particularly important in complicated scenarios such as when a lien attaches to only one co-owner's interest. It is inadequate to simply allege an impairment without quantifying it, and it is unacceptable to pawn the task off on the Court.

### IV.   CONCLUSION

For these reasons, the *Debtor's Motion to Avoid Lien Pursuant to 11 U.S.C.A. §522(f)(2)* is granted in part and denied in part. National Funding's judicial lien is avoided in the amount of $84,655.68, but the remaining amount of $37,637.13 shall remain unaffected by the motion. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. The Court will issue a separate order consistent with this opinion.

ENTERED at Pittsburgh, Pennsylvania.

Dated: February 13, 2026

GREGORY L. TADDONIO
CHIEF UNITED STATES BANKRUPTCY JUDGE

Case administrator to mail to:
Debtor